**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY as subrogee of DEZINE NEWS, INC. | : : : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : : | No.: |
| SILVER BIRCH GP, LLC, d/b/a BDP TRANSPORT, JOHN DOES 1-10, fictitious individuals, and "ABC CORPORATIONS 1-10, fictitious corporations, | : : : : : | |
| Defendants, | : | |

## COMPLAINT

Plaintiff, The Hanover Insurance Company as subrogee of Dezine News, Inc. ("Hanover"), by and through its attorneys, Matthiesen, Wickert & Lehrer, S.C., files this action against Defendants and alleges as follows:

### INTRODUCTION

1.      This controversy arises from carriage of a shipment of leather handbags from Nhava Sheva, India, to Dallas, Texas. Upon arrival of the shipment in Dallas, Texas, it was discovered that a significant portion of the shipment was lost, stolen or otherwise missing. Plaintiff issued a policy of insurance to its insured which covered the cargo at issue and subsequently paid its insured the covered loss pursuant to the policy. Plaintiff now seeks recovery of the its payment to the insured due to Defendants' actions or inactions during and throughout the course of the carriage.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over the federal claims included in this action based on the Court's admiralty and maritime jurisdictions pursuant to 28 U.S.C. § 1333 and the claims

asserted are considered to be admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3.      This Court has jurisdiction over the pendent state claims included in this action pursuant to 28 U.S.C. § 1367 because they arise under the same case or controversy as Plaintiff's federal claims.

4.      This Court has personal jurisdiction over this action because Defendant Silver Birch, LLC d/b/a BDP Transport does business in the Commonwealth of Pennsylvania and is headquartered in Philadelphia, Pennsylvania.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Silver Birch GP, LLC d/b/a BDP Transport does business in the Commonwealth of Pennsylvania and is headquartered in Philadelphia, Pennsylvania. Additionally, the Bill of Lading at issue in this matter requires that any action against the Defendant Silver Birch GP, LLC d/b/a BDP Transport be brought in this District.

**PARTIES**

6.      Plaintiff, The Hanover Insurance Company (hereinafter "Hanover" or "Plaintiff"), is an insurance company organized and existing under the laws of New Hampshire with its principal place of business located at 440 Lincoln Street, Worcester, MA 01653.

7.      Plaintiff issued a policy of insurance to Dezine News, Inc. (hereinafter "the Insured" or "Dezine") which covering the cargo at issue and paid its insured's covered loss. Hanover sues solely in its capacity as Dezine's subrogee.

8.      Defendant, Silver Birch GP, LLC d/b/a BDP Transport (hereinafter "BDP" or the "Carrier"), is a Pennsylvania limited liability company and maintains its principal place of business

at 100 Concord Road, Aston, Pennsylvania 19014 as well as an address at 510 Walnut Street, Philadelphia, Pennsylvania 19106.

9.      Defendant(s) "John Doe"(s) 1-10, and "ABC Corporation"(s) A-Z and 1-10 are fictitiously named parties.

## FACTUAL ALLEGATIONS

10.      On or about June 8, 2025, BDP issued the Bill of Lading No. INMOE5046328 ("The Bill" or "BOL") for carriage of a shipment from Nhava Sheva, India, to Dallas, Texas. The applicable Bill of Lading is hereto attached as Exhibit A.

11.      The Bill identified BDP as the "Carrier" of the shipment. *See* Exhibit A.

12.      The shipment carried under the Bill comprised of 410 cartons loaded into one (1) forty-foot (40') GP shipping container # UACU8400438 and sealed with seal HLK1588358.

13.      The shipment had a gross weight of 2,806 kilograms and comprised of 6,821 pieces described as ladies' cow-leather handbags ("the Cargo") which had had a total FOB value of USD $158,615.15, with the expected import duty values at $30,886.94.

14.      In June of 2025, the Cargo was loaded aboard the vessel TENO 5123 in Nhava Sheva, India, in apparent good order and condition, for carriage to the port of Savannah, Georgia, U.S.A., the port of discharge.

15.      The Cargo was discharged in Savannah, Georgia on or about July 17, 2025, transported by rail to Dallas, Texas, and then delivered to Dezine on or about July 29, 2025.

16.      Upon delivery and inspection, Dezine discovered that a substantial portion of the Cargo was missing.

17.      Dezine also discovered that at some point during the transport, the original seal (HLK1588358) was found to be broken and replaced.

18.     Upon Dezine's inspection of the Cargo, it discovered that of the expected 6,821 units to be delivered, the container only contained an actual quantity of 2,539 units, or 185 cartons of the total 410 expected, resulting in a shortage of 4,282 units, or 225 of the 410 total cartons.

19.     The missing Cargo resulted in a total merchandise-loss variance of $98,794.94, with the proportion of customs duties, tariffs, merchandise processing fees, harbor maintenance fees, and other import charges at $19,339.26

20.     In accordance with the terms and conditions of the Bill, BDP undertook responsibility for the carriage and custody of the Cargo.

21.      The Bill provides that the Carriage of Goods by Sea Act (hereinafter COGSA) governs the carriage to or from the United States, including periods before loading and after discharge while the cargo is in the Carrier's custody. *See* Exhibit A.

22.     The Bill further provides that when carriage is by combined transport, the Carrier's liability for loss occurring during any stage of carriage other than at sea shall be governed by the provisions of any international convention on national law; if there is no such law, or the stage of carriage which the loss occurred cannot be proven, the Hague rules shall apply. *See* Exhibit A.

23.     The Bill identified this carriage as a "combined transport" or a single through bill, which is a single bill of carriage applying to the Cargo where a specific "place of receipt" is designated on the Bill, covering both the ocean and land portions of the transport under one single shipping contract, making BDP responsible for the carriage up to delivery.

24.     The Cargo was not delivered to Defendant in apparent good order and condition in the quantity described in the Bill as the delivered Cargo did not contain the proper quantity of goods and BDP otherwise failed to deliver the full shipment entrusted to it.

25. The discrepancy of Cargo occurred while it was in BDP's custody, care, control, or contractual responsibility, including during the ocean and/or inland portions of the through carriage

26. Plaintiff issued payment to Dezine for the covered loss under the applicable policy of insurance.

27. By reason of that payment, Plaintiff is subrogated to Dezine's rights, claims, and remedies against Defendants.

28. All conditions precedent to this action have occurred, been performed, been waived, or are excused.

29. This action is timely as the Cargo was delivered on or about July 29, 2025, and this Complaint is filed within one year of delivery.

## <u>COUNT I – CARRIAGE OF GOODS BY SEA ACT</u>

30. Plaintiff incorporates by reference Paragraphs 1 through 29 as though fully set forth here.

31. The Bill is a contract for the Carriage of Goods by Sea to a port of the United States in foreign trade.

32. The Carriage of Goods by Sea Act,  46 U.S.C. § 30701 note ("COGSA") therefore applies by statute to the ocean carriage and by the Bill's Clause Paramount to the full extent contractually extended.

33. Plaintiff has established, or will establish through discovery and trial, that the Cargo was delivered to Defendants in the quantity recorded in the Bill, but Defendants failed to deliver the Cargo to Dezine in that quantity.

34. The Cargo was shipped in 410 separately identified cartons and that Plaintiff's claimed loss does not exceed the applicable limit for the cartons proven lost or damaged.

35. Defendants breached their obligations pursuant to COGSA by, among other things, failing to properly and carefully receive, handle, stow, carry, keep, care for, safeguard, account for, and deliver the cargo to the designated place of delivery.

36. Defendants' breach caused Plaintiff to sustain damages for the documented merchandise shortage, plus proven duties, tariffs, fees, costs, interest, and other recoverable damages.

### COUNT II – HAGUE RULES AND HAGUE-VISBY RULES

37. Plaintiff incorporates by reference Paragraphs 1 through 36 as though fully set forth here.

38. The Bill provides that when carriage is by combined transport, Carrier's liability for loss occurring during any stage of carriage other than at sea shall be governed by the provisions of any international convention on national law; if there is no such law, or the stage of carriage which the loss occurred cannot be proven, the Hague rules shall apply. *See* Exhibit A.

39. The Bill defines the "Hague Rules" as the 1924 Convention relating to Bills of Lading and defines the "Hague-Visby Rules" as amended by the Brussels Protocol signed in 1968. *See Id.*

40. To the extent the Hague Rules and/or Hague-Visby Rules apply by operation of law or contractual incorporation, Defendants were required to exercise due diligence and to properly and carefully load, handle, stow, carry, keep, care for, and discharge the cargo.

41. Defendants breached those duties by failing to deliver the full shipment of Cargo and by failing to safeguard, account for, and properly care for the Cargo while it was in Defendants' custody or responsibility.

42.     Defendants' breach directly and proximately caused Plaintiff to suffer the losses as set forth herein.

## COUNT III – BREACH OF CONTRACT

43.     Plaintiff incorporates by reference Paragraphs 1 through 42 as though fully set forth here.

44.     The Bill is a valid and enforceable contract between Defendants and the shipper, consignee, cargo interests, and their subrogee.

45.     Dezine, as the named consignee and cargo interest, was an intended beneficiary of the contract and is entitled to enforce the terms and conditions as set forth in the Bill.

46.     Defendants contracted to carry the Cargo from Nhava Sheva, India, to Dallas, Texas, and to deliver it in accordance with the terms and conditions set forth in the Bill as well as in accordance with applicable law.

47.     Defendants breached the Bill by failing to deliver the full quantity of Cargo, failing to properly safeguard and account for the Cargo, and otherwise failing to perform the carriage obligations as set forth in the terms and conditions in the Bill.

48.     Plaintiff, having paid the covered loss pursuant to the policy of insurance issued to Dezine, is subrogated to Dezine's contractual rights.

49.     As a direct and proximate result of Defendants' breach, Plaintiff sustained the damages alleged herein as described above.

50.     This Count is pleaded in the alternative and seeks no duplicative recovery.

WHEREFORE, Plaintiff, The Hanover Insurance Company as subrogee of Dezine News, Inc., respectfully requests this Honorable Court grant the following relief:

a. Award damages for past monetary losses against the Defendants in the amount of $98,794.94 plus future amounts to be determined;

b. Award compensatory damages against Defendants in an amount to be determined at trial;

c. Award pre-judgment and post-judgment interest as provided by law;

d. Award costs, expenses and counsel fees as provided by law;

e. Award any other further relief as this Court deems just and proper.

Respectfully submitted,

**MATTHIESEN, WICKERT & LEHRER, S.C.**

NICHOLAS E. SULPIZIO
PA ID No. 324765
1111 E. Sumner Street
P.O. Box 270670
Hartford, WI 53027
P: (262) 673-7850
F: (262) 673-3766
Email: nsulpizio@mwl-law.com
*Counsel for Plaintiff,*
*The Hanover Insurance Company as subrogee of*
*Dezine News, Inc.*

Dated: July 28, 2026

**VERIFICATION**

I, **NICHOLAS E. SULPIZIO**, declare under penalty of perjury that I have read the foregoing Complaint and know its contents, and it is true and correct to the best of my knowledge, information, and belief; the sources of my knowledge, information, and belief are the files maintained by my office pertaining to this matter and reports and documents provided by Plaintiff, their representatives, and their agents. I am authorized by the Plaintiff in this action to make this verification on its behalf, and I make this verification as attorney for the Plaintiff because Plaintiff is a corporation organized under the laws of foreign jurisdictions or with offices outside this District, and none of their officers is presently within this District and available to make this verification.

I declare under penalty of perjury that the foregoing is true and correct.

**Signed this 28th day of July, 2026.**

BY: _____
NICHOLAS E. SULPIZIO
Counsel for Plaintiff